In the matter of the award between THE TRUSTEES OF THE
VILLAGE OF AMSTERDAM and TUNIS J. VANDERVEER.

A submission to arbitration, entered into pursuant to the statute, with an agreement
that judgment may be rendered on the award, but without any provision authori-
zing the awarding of costs, does not authorize the arbitrator to award against one
party the costs and expenses of the other.

But under such a submission, the arbitrator may award the fees and expenses of
the arbitration against either of the parties.

Accordingly, where an arbitrator, under such a submission, awarded that one of the
parties should pay to the other a certain amount for his damages, and another sum
"for his costs, charges, and expenses, including his witnesses and counsel fees,
and twelve dollars for the fees of the arbitrator;" on a motion to modify the
award, held, that the sum awarded for the costs, charges and expenses of the
party, should be stricken out, and that the residue of the award, including the al-
lowance of arbitrator's fees, should stand.

The *expenses* of the arbitrator, not having been awarded, may be taxed in favor of
the prevailing party on entering judgment. *Semble.*  *Per* BEARDSLEY, J.

*N. Hill, Jr.* in behalf of the trustees of the village of Am-
sterdam, moved to modify and correct the award of an arbitra-
tor.   The submission was between the trustees of one part, and
Vanderveer of the other, and was by mutual bonds in the pen-
alty of two hundred dollars, conditioned that the respective
parties should submit to the decision of the arbitrator named
by the parties respectively, "between whom," it was said, "a
controversy exists."   The arbitrator was to hear the proofs, &c.
of and concerning certain demands which "said J. Vanderveer
claims to have against the trustees of the village of Amsterdam,
for labor done and bestowed in making and repairing roads,"
&c. "and all taxes or demands which the trustees, &c. have
against said Vanderveer, and all matters relative thereto."
The bonds provided that the arbitrator was to be sworn "faith-
fully and fairly to hear and examine the matters in controversy
between the parties ;" and he was to make an award in writing
by a day named ; and they contained an agreement that judg-
ment might be rendered in the supreme court on the award.
The arbitrator, within the time limited, made an award direct-

ing that the trustees should pay to Vanderveer, "for his damages, $81,41, and also $45,50 for the costs, charges, and expenses, paid or incurred by him, including his witnesses, and counsel fees, and $12 for the fees of the arbitrator, amounting in all to $126,91," by a certain day, with interest thereon, which award the arbitrator declared to be "final and conclusive between the said parties upon all the matters submitted" to him.

*Hill* insisted that the arbitrator had no power to award costs, and that so much of the award as attempted to give costs ought to be stricken out. He cited *Candler* v. *Fuller,* ( *Willes' Rep.* 62;) *Peters* v. *Peirce,* (8 *Mass. Rep.* 398.)

*D. Wright,* for Vanderveer, relied on *Kyd on Awards,* 135; 2 *Term Rep.* 644; 14 *John.* 161; 2 *Cowen,* 638; 22 *Wend.* 126.

*By the Court,* BEARDSLEY, J.   The agreement to arbitrate in this case was entered into, and the arbitration held, under the provisions of the revised statutes, the bonds of submission declaring, in express terms, that judgment shall be rendered in this court, on the award to be made in pursuance of the submission.   The statute " *Of Arbitrations,"* (2 *R. S.* 540, *tit.* 14,) introduced a system of law on this subject, in many respects new, and which was intended to be complete of itself. It declares what matters may be thus submitted to the determination of arbitrators, and the manner in which the submission shall be made, as well as the mode of proceeding.   It also authorizes the court designated in the instrument of submission, to vacate, modify, or correct the award on various grounds specified in the statute; and finally. provision is made, that judgment, with costs, may be rendered on the award, in its original form, or as modified by the court, which judgment may be reviewed and enforced as in ordinary cases.

We are not asked to vacate this award, for it was conceded on the argument to be good as to the $81,41 awarded as damages.   But we are desired to modify and correct it by striking out the sum of $45,50, allowed to the prevailing party "for

In the matter of Vanderveer.

the costs, charges and expenses paid or incurred by him, including his witness and counsel fees, and $12 for the fees of the arbitrator."

It will be observed that the bonds of submission do not, in terms, authorize the arbitrator to make any award in regard to the costs and expenses of the arbitration. He must have taken that power, if he had it, as incident to the main authority to determine the matters in controversy. I am aware that this principle has, in several cases, been advanced and acted upon by this court. (*Strang* v. *Ferguson*, 14 *John.* 161; *Cox* v. *Jagger*, 2 *Cowen*, 651; *Nichols* v. *Rens. Co. Mu. Ins. Co.* 22 *Wend.* 128.) As an original question I should hardly be able to concur with these cases. For the last two, no authority was referred to but the first case, and for that the court referred only to *Roe* v. *Doe*, (2 *D. & E.* 644.) That was a case in which a cause pending in court was referred to arbitration by rule of court, and the costs of the cause, not of the arbitration, were awarded without any express power for that purpose. Objection was made that there was no authority to award these costs, but the court held "that the power of awarding costs was necessarily consequent on the authority conferred upon the arbitrator of determining the cause." This principle is undoubtedly sound; for a power to award upon a suit, then pending, must necessarily confer upon the arbitrator authority to direct in what manner the costs of the suit shall be paid. But, although this is clear enough, it is not so readily seen that the principle can authorize the arbitrator to award as to the expenses of the arbitration. These arise after the submission has been made, and were not matters in controversy when the submission was entered into. That the parties might authorize their allowance by the arbitrators, need not be questioned; but unless the submission contains such authority, in express terms, I should greatly doubt its existence in any case. Our statute " *of arbitrations*" may authorize an exception to this remark, so far as regards " the fees and expenses of the arbitrators;" but aside from the cases in this court already referred to, I have not found any authority for holding that a submission of mat-

In the matter of Vanderveer.

ters in controversy between parties, carries with it as an incident, power to award, in any manner, upon the costs and expenses of the arbitration. The books, upon this point, certainly lay down a different rule. (*Candler* v. *Fuller*, *Willes*, 62; *Browne* v. *Marsden*, 1 *H. Bl.* 223; *Bradley* v *Tunstow*, 1 *B. & P.* 34; *Bell* v. *Belson*, 2 *Chit. R.* 157; *Grove* v. *Cox*, 1 *Taunt.* 165; *Firth* v. *Robinson*, 1 *B. & C.* 277; *Peters* v. *Peirce*, 8 *Mass.* 398; *Strutt* v. *Rogers*, 7 *Taunt.* 213; 1 *Steph. N. P.* 148; *Wat. on Arb. ch.* 6; *Billings' Law of Awards*, 187.) But we need not pursue this inquiry, for the cases in this court which have been referred to, were, in strictness, arbitrations at common law, and not like the one now in question, a submission under the special provisions of a statute. By the first section of this statute, (2 *R. S.* 541,) parties may "submit to the decision of one or more arbitrators, any controversy existing between them, which might be the subject of an action at law, or of a suit in equity, except as herein otherwise provided; and may, in such submission, agree that a judgment of any court of law and of record, to be designated in such instrument, shall be rendered upon the award made pursuant to such submission." This section is in terms limited to controversies existing at the time when the submission is entered into; and there would be some difficulty in holding that the parties could, where the submission is made under the statute, authorize the arbitrators to award upon the costs and expenses of the parties in the arbitration. But that point need not be passed upon, for here there is no room to pretend that these parties expressly authorized any such award to be made. Under this section of the statute a submission of all matters in difference, or of certain matters only, must be understood as limited to existing controversies, and cannot be construed to authorize an award upon any matter arising subsequently. Of consequence an award in favor of one party, for his expenses in the arbitration, would be unauthorized, and could not be upheld. But a subsequent section of the statute seems, in one respect, to extend the power of the arbitrators beyond what is indicated in the first section. By the fourteenth section of

In the matter of Vanderveer.

the act, when judgment is rendered on the award—" the costs of the proceedings shall be taxed as in suits; *and if no provision for the fees and expenses of the arbitrators shall have been made in the award*, the court shall make the same allowance as provided by law for references; but no costs shall be taxed for any other services or expenses prior to such application." This section seems to assume that under this statute arbitrators may award as to their own "*fees and expenses*," although the section carries with it a very strong implication that they cannot award upon any other fees and expenses of the arbitration. And such, I think, is the true meaning of the statute; at least, such should be its construction where the parties have not expressly authorized an award as to the costs and expenses of the parties to the arbitration. The arbitrator here awarded twelve dollars for his *fees*, but he awarded nothing for his *expenses*, as he might have done. (2 *R. S.* 543, § 14; *id.* 643, § 37.) These expenses may, perhaps, now be taxed, under the authority of these sections, as both fees and expenses might be if the award had been wholly silent on the subject. As to the twelve dollars, the award should be allowed to stand, but the residue of the sum of $45,50, that is $33,50, must be stricken out. This sum was allowed on matters not submitted to the arbitrator, and to that extent the award should be corrected. (2 *R. S.* 542, § 11, *sub.* 2.) The amount of the award, as corrected, will be $93,41.

Ordered accordingly, without costs to either party.