Akely agt. Akely.

SUPREME COURT.

GEORGE C. AKELY, administrator, &c., of LORENZO AKELY, deceased agt. JAMES AKELY.

Where a claim against an estate was presented to the administrator, by a creditor of the intestate, and the administrator claimed an offset, consisting of matters of account and matters of tort, upon which an agreement in writing was entered into, to *submit* the matters in controversy to three individuals named, to *determine and award* upon the same, and judgment to be entered upon such *award and determination.* And the surrogate approving of the persons selected as proper persons to whom to *submit* the said claims and demands, and an order entered, referring the matters in controversy to said persons to hear, determine and award the same—the administrator throughout the proceedings occupying the position of *plaintiff.*

*Held,* that whatever might have been the intention of the parties, the proceedings were not in form or in substance a *reference* under the statute as to claims against deceased persons, and that there was no legal authority for including the plaintiff's *costs* or *disbursements* in the judgment entered upon the award of the persons named as referees.

*It seems* that claims or counter claims of this kind of matters of account and of tort, are not proper subjects of reference under the statute, and if inserted in the agreement to refer, they convert the proceeding into an *arbitaation.* The statute undoubtedly has reference to any matters of account or causes of action arising on contract. They must be such as are subject to offset.

These proceedings of reference of claims against executors and administrators under the statute are not an ordinary *action* in the common and accepted sense of that term.

The plaintiff could not be allowed *costs* on the judgment in such proceedings, unless it was an ordinary *action* or a *reference* under the statute, or an *arbitration* under an agreement expressly authorizing costs, which was not contained in this submission. Judgment as to costs set aside.

Akely agt. Akely.

*Albany Special Term, July,* 1858.

MOTION to set aside judgment.

The parties entered into a written agreement reciting that George C. Akely, as administrator of Lorenzo Akely, deceased, had as such administrator, a claim and demand against James Akely, for money lent and advanced by deceased to James Akely, for $150 and interest; also for the amount of a promissory note held by deceased against said James Akely for $150 or thereabouts with interest, and claimed by the administrator to have been taken by James into his possession and refused to be delivered up. Also for the value of two trunks, with their contents of clothing and wearing apparel, belonging to deceased, which the said James took into his possession and refused to deliver up to the administrator; also for the value of clothing and wearing apparel, watch and other property of said deceased, which said James took into his possession and refused to deliver up; also for the value of a mare of said deceased, in the keeping of said James, and which died through his neglect; also for the value of a breeding mare and three colts, had by said James Akely of said deceased.

And further reciting, that James Akely had presented to said administrator a claim and demand against the estate of Lorenzo Akely, deceased, for board and washing, mending and making clothes for said Lorenzo; money lent and paid for funeral expenses, money had and received by deceased to and for the use of said James, being the amount of a promissory note and interest against John Akely, collected or retained by said Lorenzo, and not accounted for by him; horse keeping for four years and three months, horse keeping and services of a horse, work, labor and services, use of horses, wagons and sleighs.

And reciting further, that the said George as such administrator, doubted the justice of the said claim and demand of said James, and refused to allow the same, and that said James doubted the justice of the claim and demand aforesaid, which the said George as such administrator, presented against him, and refused to allow the same.

Akely agt. Akely.

And concluding as follows : "Now, therefore, the parties to this instrument, hereby agree to *submit* the matters in difference above set forth and recited, to Darius Winans, James Slosson and Thomas Burroughs, to hear, determine and *award* upon the same and every part thereof, under the direction and sanction of the county judge of the county of Greene, *pursuant to law.* and judgment to be entered upon said *award* and determination, pursuant to law, in the supreme court. In witness whereof, the parties to these presents have hereunto set their hands and seals, this 20th day of October, A.D. 1856.

     (Signed,)       " GEORGE C. AKELY, [L.S.]

                  "JAMES AKELY.     . [L.S.]

" Sealed and delivered in presence of,

                " D. K. OLNEY."

To this agreement was appended the approval of the surrogate as follows : " I approve of the within named Darius Winans, Thomas Burroughs, James Slosson, as suitable and proper persons to whom to *submit* the within claims and demands. Dated October 20th, 1856.

                "F. JAMES FITCH, *Surrogate.*"

Thereupon the said agreement and approval were filed in the office of the clerk of the county of Greene, and a rule entered by the attorney of the administrator, with this title, " Supreme court, Greene county, George C. Akely, administrator, &c., of Lorenzo Akely deceased, against James Akely," reciting the substance of the aforesaid agreement and approval, and concluding as follows : " Now, therefore, it is ordered that said matters embraced in said agreement be, and the same hereby are referred to Darius Winans, James Slosson and Thomas Burroughs, to hear, determine and *award the same.* Dated January 6, 1857. J. A. COOKE, *Clerk.*"

James Akely subsequently appeared in the suit by attorneys, who gave notice of appearance as defendant's attorneys. And the attorney of the administrator served papers upon them, describing himself as plaintiff's attorney, and the same title of the cause and the same designation of attorneys are continued

on both sides through all the subsequent proceedings. The referees after having heard the cause, reported that there was due " from the said defendant (James Akely) to the plaintiff (George Akely) as aforesaid, the sum of thirty-nine dollars and eighty cents."

The attorney of the administrator, thereupon taxed as to the " prevailing party," under section 317 of the Code, the referees' fees and the disbursements as costs in his favor, to the amount of $53.90, and entered judgment for $93.70, being the amount of said damages and costs. The defendant's attorney claiming that the whole proceeding amounted to nothing more than an arbitration, was not intended as a *reference* of a claim against a deceased person under the provisions of the Revised Statutes, or if so, was an unsuccessful and abortive attempt to accomplish such a reference, moves to set aside the judgment of $93.70, or so much thereof as relates to costs. The papers show the proceedings upon the trial, but they are not material on this motion.

R. W. PECKHAM, *for motion.*

D. K. OLNEY, *opposed.*

HOGEBOOM, Justice. The plaintiff had no right to include costs in the judgment, unless this is an ordinary action or a reference under the statute authorizing references of claims against the estates of deceased persons. (2 *R. S.* 88, 89.) In some cases it is true, costs follow the decisions of arbitrators, but that is only where the imposition of costs is expressly authorized by the agreement to submit to arbitration, or where the arbitrators under an authority impliedly conferred upon them by the terms of the submission, expressly award such costs. (*See Nichols* agt. *Rens. Co. Ins. Co'y.*, 22 *Wend.* 125 ; *Matter of Vanderveer,* 4 *Den.* 249.)

In this case no such thing has occurred. The referees or arbitrators (by whichever name they should properly be designated) have not awarded the costs or expenses of the arbitration in favor of or against either party. Nor does the agree-

Akely agt. Akely.

ment to submit, provide for an award of costs against either party. It provides for an award "pursuant to law," and for "judgment to be entered upon said award and determination, pursuant to law, in the supreme court." This does not necessarily imply an authority to award costs as a consequence of their determination of the subject matter of the controversy, in favor of either party. We are necessarily, therefore, driven to the inquiry, whether this is either a common law or a statutory action? I think it is *neither*. It is not an ordinary action, for there is neither the ordinary process nor the ordinary pleadings, by which a suit is commenced or carried on. The first step in the proceedings is an agreement to submit or refer. We must, therefore, turn our attention to the point whether it is substantially the statutory reference and action authorized by the statute before referred to. If it be so, then the prevailing party is entitled to tax as costs in the action, the fees of referees and witnesses, and the necessary disbursements. (*Code*, § 317.) And these are all which he has included in the judgment. If it be not so, then the costs have no proper place in the judgment roll, and should be expelled therefrom. The statute in question, authorizes a new and peculiar procedure, confers some special rights and privileges upon both parties, and in order to entitle the parties to those benefits and privileges, should be substantially complied with in all material particulars. It contemplates in the first place, a *presentation* of the claim and a *doubt* by the administrator of the justice thereof. This was done. I see nothing in the nature of the claims presented by James Akely to the administrator, as detailed in the agreement, which should forbid their reference under this statute. But the administrator also presented claims against James Akely. Assuming for the present that they were of a nature to be the subject of reference, I see nothing in the statute which forbids their being included in the reference. Upon the presentation of a claim to an administrator, (or executor,) he is authorized to require satisfactory vouchers in support thereof; he is also authorized to require the affidavit of the claimant that there are no *payments or off-*

*sets* against the same. If he still doubt the justice of the claim, then he may *refer*. Refer what? The *matter in controversy*. What is the matter in controversy? I think the point in controversy is, whether the claimant has any just claim against the estate, over and above all payments and offsets. And the matter in controversy is the claim or claims of the claimant on the one side, and the denial of such claims and the payments and offsets on the other. The statute should be construed liberally to effectuate what was the palpable object of the legislature in enacting it, to wit: to provide a cheap, easy and comprehensive mode of settling claims against the estates of deceased persons. I think, therefore, that in these proceedings it is allowable not only for the executor to deny the claim or ·cause of action, but to show payments thereon or offsets thereto. But some of the claims presented by the administrator and included in the agreement are obviously matters not arising on contract, and are stated in the agreement in a form suitable for a recovery (if an action had been brought thereon) for a *wrong* or tort, and not in a form adapted to their recovery as in an action *ex contractu*, waiving the tort. The question arises whether claims of this character are proper subjects of such a statutory reference, and whether if inserted in the agreement to refer, they convert the proceeding into an arbitration? I am inclined to think they do. Evidently the claimant would not have been compelled to allow any such counter claims· to come in. They are not referable as matters of account, nor are they payments or offsets within the statute above referred to. In an ordinary action instituted in the usual way, a reference of such claims would convert the proceeding into an arbitration. Judgment might be entered upon it, if provided for by the terms of submission. But that would be the end of it. The court would not entertain a motion to set aside the verdict upon the evidence or upon exceptions to the ruling of the referees. (*Silmser* agt. *Redfield*, 19 *Wend.* 21 ;· *Beardsley* agt. *Dygert*, 3 *Den.* 380.) They would, however, vacate the judgment if not entered in conformity with the stipulation or agreement to submit. (*Dederick* agt. *Richley*, 19 *Wend.* 108.) I

doubt whether under the statute in question, any matters are referable, except matters of account or causes of action arising on contract. They must be such as are subject to *offset*. And mutuality would require that the demands of the administrator should be of a similar or kindred character to those of the claimant. I am aware that the Code (*section* 270) authorizes a reference of any of the issues in an action. But this is not an action in the ordinary and accepted sense of the term, and as the provision last mentioned is in derogation of the common law rule, it must be strictly construed.

Waiving, however, any absolute decision of this point, there are other aspects of the case which deserve attention. The parties in the agreement have by no means confined themselves to the language of the statute, or to language appropriate to a reference, but have employed terms, both in the agreement and the rule, ordinarily employed in submissions to arbitration, and expressive of an intent to arbitrate. Thus they agree to *submit* the matters in controversy to certain persons to *determine and award* upon the same, and judgment is to be entered upon such *award and determination*. The surrogate approves of the persons selected as proper persons to whom to *submit* the said claims and demands, and the rule refers the matters in controversy to said persons to hear, determine and *award* the same. This language is more appropriate to a submission to arbitration than to a reference, and would, I think, be decisive of the intent of the parties, were it not that in other respects as to the *form* of procedure, (except in a single particular,) they have adopted the machinery appropriate to the statutory reference in question. That exception we will now consider. Throughout these proceedings, the administrator occupies the position of *plaintiff*. He is not only *first* mentioned in the agreement as apparently the leading and moving party, but is expressly made *plaintiff* by the administrator's attorney in the rule of reference or submission, described as such afterwards in all the subsequent proceedings, including the referees' *report* and the final *judgment*, and recognized as such by the attorneys of both parties. Now the statute cer-

tainly never contemplated that this should be done, and it is the first instance that has ever fallen under my observation, where it has been done. The statute (2 *R. S.* 88, 89, 90) treats the claimant as the *actor*, speaks of a claim presented *against* the estate, of the absence of any *offsets* thereto, authorizes the court to adjudge costs as in *actions against* executors, requires a suit to be brought for the recovery of the claim, if disputed or rejected and not referred, within six months thereafter, and provides that in such suits no costs shall be recovered against the defendants, nor in other actions at law against executors, except in certain specified cases, nor is the objection one of *mere form.* It is a question of *power*, and the prescribed routine must be substantially followed. It is an innovation upon the ordinary practice, and little or nothing should be taken by implication. Had an ordinary action been brought, the plaintiff recovering less than $50, would not have recovered costs, and costs are given in these cases conducted according to the statutory requirements, because the claimant is not authorized to prosecute administrators or executors in a justice's court.

I am, on the whole, of opinion that whatever may have been the intention of the parties, these proceedings are not in form or in substance a reference under the statute as to claims against deceased persons ; that there was no legal authority for including the plaintiff's costs or disbursements in the judgment entered, and that to that extent the judgment must be set aside with ten dollars costs.