Brockett *a.* Bush.

*A. McDowell,* for the motion.

*H. Ballard,* for the plaintiff.

---

## BROCKETT *a.* BUSH.

*Supreme Court, Sixth District; General Term, January,* 1865.

#### REFERENCE OF CLAIM AGAINST EXECUTORS, ETC.

A claim against a decedent's estate for a tort of the decedent,—*e. g.,* the conversion of personal property,—is referable under the statute.

Where a claim by a party as administrator might have been made by him in his

own right, it is proper to charge him personally with costs on his failure to establish such claim.

A consent to refer "claims" against a decedent's estate, gives jurisdiction to decree payment of costs even though the claim be not properly referable under the statute.

Ephraim Brockett, the son and administrator of Hezekiah Brockett, deceased, made a claim against Samuel H. Bush, the executor of Asenath Brockett, the wife of Hezekiah, and mother of the plaintiff, for various articles of personal property, and a note for $50, taken by Mrs. Brockett, and used by her after her husband's death. Upon this claim the following consent to refer was entered into under the statute, and approved by the surrogate:

[TITLE.]

Whereas the above-named Ephraim Brockett, administrator, &c., as aforesaid, has presented claims against the estate of Asenath Brockett, deceased, the justice of which several claims, and each of them, is doubted by Samuel H. Brush, the executor of the last will and testament of Asenath Brockett, deceased.

Now, therefore, it is hereby stipulated and agreed that the said claims, and each of them, shall be referred to William W. Ingersoll, of Oxford, Chenango county, N. Y., to hear, and determine, and decide in accordance with the statute in such case made and provided. [*Signatures.*]

[*Date.*]

I hereby approve of William W. Ingersoll as referee in the within-entitled matter, and of the reference of said matters to said Ingersoll. [*Signature of Surrogate.*]

On this consent the following order was entered:

On filing the within consent of Ephraim Brockett, administrator, &c., and Samuel H. Bush, executor of the last will and testament of Asenath Brockett, deceased, together with the approval endorsed on said agreement of D. H. Clarke, Esq., county judge and surrogate of said county; it is hereby ordered, that the said claims above-mentioned be referred to William W. Ingersoll, Esq., to hear, determine and decide.

Brockett *a.* Bush.

The estate of ASENATH BROCKETT,

To EPHRAIM BROCKETT, administrator of HEZEKIAH
BROCKETT, deceased.. *Dr.*

To claims against such estate as inventoried by ap-
praisers duly appointed by the surrogate of Chenan-
go county, viz., being property inventoried as be-
longing to Hezekiah Brockett in his life time, and
coming into the hands of said Asenath in her life-
time at the decease of said Hezekiah, and which
said property is now in, and constitutes a part of
the estate of said Asenath.

| | |
|---|---:|
| One promisory note against Eliza Scott for cash lent by Hezekiah Brockett in his life time, and believed to be collected by said Asenath in her lifetime, after the decease of said Hezekiah | $50.00 |
| One mare and colt | 60.00 |
| One cow | 30.00 |
| One yearling heifer | 10.00 |
| One one-horse wagon | 25.00 |
| One one-horse harness | 1.00 |
| One promissory note against one Williams, or cash collected thereon | 28.00 |
| One hog | 5.00 |
| Eight fowls | 2.00 |
| Cash in hands of Hezekiah Brockett at the time of his decease, and taken by said Asenath | 30.00 |
| | $241.00 |

[*Title of the cause.*]

The referee reported as follows:

"I, the subscriber, the referee appointed in the above-entitled
action, hereby certify and report to this court that the above-
named parties appeared before me in person, and by their re-
spective counsel, and after hearing the proofs and allegations
of the respective parties, and after hearing the arguments of
their respective counsel, I find and report the following

"*Facts:*

"That Hezekiah Brockett died in the year 1851, leaving

Asenath Brockett, his widow, and two children, of whom the plaintiff is one, his heirs at law and next of kin.

"Hezekiah Brockett died leaving no minor children. The said Asenath Brockett died in the year 1861, leaving a last will and testament which was duly proved and admitted to probate, and of which Samuel H. Bush, the defendant, was appointed sole executor. After the death of the said Asenath Brockett, the plaintiff applied for and received letters of administration of the goods, chattels, and credits of the said Hezekiah Brockett, deceased.

"The plaintiff as administrator of the said Hezekiah Brockett claims to recover of the defendant for the following property, which said property belonged to plaintiff's intestate at the time of his decease, to wit, one cow, one heifer, one mare with foal, one wagon, one old harness, some fowls, and a note upon which was collected about $20. The defendant's testatrix disposed of the above property after her husband's death. No personal representatives of said Hezekiah Brockett were appointed until after the death of the defendant's testatrix. The evidence in the case showed that the value of the property for which plaintiff claims to recover would not exceed $115.

"No proof was offered to show that there was any other property than above left by plaintiff's intestate.

### " Conclusions of Law.

"That the title to property above described vested in the widow immediately upon the death of her husband, Hezekiah Brockett, the same not having exceeded in value the sum of $150.

"I report that the defendant is entitled to judgment.

"Dated, February 12, 1864.

" W. W. INGERSOLL, *Referee.*"

A motion was made to confirm this report, but it was denied without costs, upon the ground that the claim of the plaintiff was one not referable under the statute, the court being of the opinion that it would be a proper case to charge the plaintiff personally with the costs, if such claim had been the proper subject of reference under the statute for settling doubtful claims against deceased persons.

From this decision the defendant appealed.

Brockett *a.* Bush.

*James W. Glover*, for the appellant.

*Packer & Bundy*, for the respondent.

BALCOM, J.—The agreement to refer only stated that the plaintiff as administrator, &c., had presented " claims" against the estate of Asenath Brockett, deceased, the justice of which was doubted by her executor, the defendant herein; and that the parties stipulated to refer " said claims" to a referee named, to hear and determine in accordance with the statute in such case made and provided. (See *Rev. Stat.*, 5 ed., 175; *Laws of* 1859, 569.) The nature of the claims was not set out in the agreement as should have been done. (Woodin *a.* Bagley, 13 *Wend.*, 453.) Nor were they specified in the rule of reference. The record, therefore, as presented to the referee, did not show that the claims referred to him were not the subject of a reference under the statute, without action, with the approval of the surrogate. It conferred jurisdiction of the parties upon the referee; and, were it conceded that the proof showed the claims were of such a character that they could not be referred under the statute, I am of the opinion the court had jurisdiction to give judgment against the plaintiff personally for the costs of the reference.

If the plaintiff had offered to prove claims, not referable under the statute, it would have been the duty of the referee to reject them, and to have reported in favor of the defendant, that the plaintiff had no reliable claim against the defendant; and as the agreement to refer, and the rule of reference, were *per se* free from the objection that the claims were not referable under the statute, the court would have had jurisdiction of of the parties, and would have had the right to direct that the plaintiff pay the costs. *

---

* The view stated in the text as to the power of the court to award costs, even though the subject-matter be not within its jurisdiction, is further sustained by several cases in which a similar question has arisen in civil actions upon dismissing the complaint for the want of jurisdiction.

Thus, in King *a.* Poole (36 *Barb.*, 242) it was held that on dismissing a complaint, on demurrer, because the court has no jurisdiction of the subject of the action, the court may award judgment to defendant for costs thereon. The court possesses power and jurisdiction to determine whether it has authority to entertain a particular controversy, although its decision and the law be that it has no such authority, and it therefore dismisses the suit. Such a question may be presented by a demurrer, and its decision must be a judgment.

But if the account in which the plaintiff's claims were speci-fied, had been annexed to the agreement to refer, and been made a part thereof, and filed with it, I am of the opinion the court had jurisdiction to give judgment for costs in the case against the plaintiff; for the claims specified in the ac-count were for the conversion of property by the testatrix Asenath Brockett, deceased, and for money she collected on a note that belonged to the intestate, whom the plaintiff repre-sents; and such claims were referable under the statute. This court has held, in the seventh district, that the object of the statute was to allow a reference of all claims against an estate, whether of a legal or an equitable nature, which the executor or administrator was competent to settle and adjust. (Fran-cisco a. Fitch, 25 *Barb.*, 130; see, also, Russell a. Lane, 1 *Ib.*, 519.) What Justice Hogeboom said to the contrary in Akely a. Akely (17 *How. Pr.*, 21), was unnecessary to the decision of that case; for the alleged agreement to refer the claims therein was only a submission of the same to arbitration. Sands a. Craft (18 *How. Pr.*, 438; S. C., 10 *Abbotts' Pr.*, 217)

It was held also in McMahon a. Mutual Benefit Life Ins. Co. (3 *Bosw.*, 644; S. C., 8 *Abbotts' Pr.*, 297), that on dismissing an action for want of jurisdiction to hear and determine it upon its merits, the defendant is entitled to a judgment in it against the plaintiff, for costs; and this rule, it was held, could be sustained as well upon general principles as upon the provisions of the Code of Procedure, which expressly direct judgment for costs in general, where the defendant pre-vails in the action.

The same principle is recognized in another case between the same parties (12 *Abbotts' Pr.*, 28), where it is intimated that in dismissing an action for want of jurisdiction, the court have power to give judgment for costs, where they have cognizance of the general nature of the action, and the parties, by appearance and pleading, have submitted themselves to the jurisdiction.

To similar effect is a decision of the Supreme Court of Massachusetts in Hunt a. Inhabitants of Hanover (8 *Metc.*, 343).

Compare, however, the decision of the New York Common Pleas in Harriott a. New Jersey R. R. Co. (8 *Abbotts' Pr.*, 284), in which that court held that where an action is dismissed on the ground that the court have no jurisdiction,—e. g., by reason of the non-residence of the plaintiff,—but the question of jurisdiction was not raised by the issues in the action, nor presented to be tried on affidavits, but settled by an admission of the party, in open court, judgment for costs, on dismissing the complaint, cannot be rendered; and that an appeal to the gene-ral term, from an order made at the special term, dismissing an action in such case, does not confer a new jurisdiction within the rule that an appellate court may grant costs on an appeal from a judgment of an inferior court, on the ground of want of jurisdiction.

is not in conflict with Francisco *a.* Fitch (*supra*). See, also, *Dayton's Surrogate*, 323 and 351; Godding *a.* Porter (17 *Abbotts' Pr.*, 374).

I think no good reason can be assigned for withholding the right to refer claims without action, under the statute, for the conversion of property by a testator or intestate, or claims for other torts for which executors or administrators are liable; and as the statute is comprehensive enough to authorize a reference of such claims, without action, with the approval of the surrogate, I am of the opinion it should be construed to embrace them. The learned opinion of Justice Hogeboom in Akely *a.* Akely (*supra*), has failed to satisfy me it should be differently construed. I think the spirit and meaning of the statute clearly justify the reference of such claims. But I shall not mention the different provisions of the statute to sustain this conclusion. They may be seen in volume three of the 5th edition of the Revised Statutes, commencing on page 175.

The property claimed by the plaintiff, including the note on which the testatrix collected the money claimed by the plaintiff, belonged to Hezekiah Brockett, deceased, at the time of his death. The plaintiff represents him as administrator. The testatrix took the note and other property, and claimed the same as widow of Hezekiah Brockett, deceased, under chapter 157 of the Laws of 1842. (*Laws of* 1842, 194.) The referee decided that the value of the property did not exceed $115, and that the title thereto vested in the testatrix, as such widow, immediately upon the death of the said Hezekiah, her husband.

The case, therefore, was one in which the plaintiff could have claimed to recover in his individual right, instead of his representative character; and the court had the right to determine that the plaintiff should personally pay the costs of the reference. (See Woodruff *a.* Cook, 14 *How. Pr.*, 481.)

The Justice at the special term was of the opinion that if the claims of the plaintiff were referable under the statute, it was a proper case to charge the plaintiff personally with the costs; and I agree with him that it is such a case.

But if I am right in my previous conclusions, he erred in holding that the claims in question were not referable under the statute.

My conclusion therefore is, that the order of the special term should be reversed, with $10 costs; and that the report of the referee should be confirmed, with $10 costs of the motion to confirm it; and that judgment should be given against the plaintiff personally for the costs.

PARKER, J., concurred

MASON, J., concurred solely upon the ground that the claims in question were referable under the statute, and did not express an opinion upon the other question discussed by Justice Balcom.

Decision as stated in the conclusion of Justice Balcom's opinion.