By the Court.—Freedman, J.
—At the time the defendant as executor of James Kelly, deceased, advertised for claims, the plaintiff, who had been appointed trustee of Klein’s estate as the successor of James Kelly, deceased, had, as such trustee, a legal claim against Kelly’s estate, arising from the improper investment by said James Kelly of part of the trust fund belonging to Klein’s estate. The liability was a strictly legal one, and the mere fact that plaintiffs’ appointment as trustee under the last will and testament of Adam Klein, deceased, had to be made by a court of equity, did not turn it into a mere equitable one.
The claim was therefore one within section 41, of title 3, chapter 6, of part II. of the revised statutes, and consequently should have been presented before suit brought. Where executors are exempt from costs by virtue of that section, section 317 of the Code does not allow costs against them.
The plaintiff having failed to disclose any of the grounds upon which the court is authorized to award costs, the motion was properly denied (Morgan v. *24 Skidmore, court of appeals, November 22, 1870, MS., reversing 55 Barb. 263, as to costs ; Howe v. Lloyd, 2 Lans. 337; Mersereau v. Ryers, 12 How. 301; Fox v. Fox, 22 Id. 453).
The decision in Sands v. Craft, 10 Abb. Pr. 216, is not authority to the contrary. That suit was by the plaintiffs, as executors and trustees, against the executors of a deceased co-executor and trustee, and the object of the action was to adjust and recover the amount of the assets held by the decedent at the time of his death as such co-executor. It was for these reasons that it was held, that the claim against the estate of the deceased was not referable under the statute. Yorks v. Peck, 9 How. 201, was a suit in equity.
The order should be affirmed with costs.
Speir, J,, concurred.