JOHN HONE, as Executor, etc., of MARIA A. De PEYSTER, Deceased, Appellant, v. JOHN WATTS De PEYSTER, Individually and as Executor, etc., of FREDERIC De PEYSTER, Deceased, Respondent.

*Costs — to what extent an executor, beneficially interested in the result, will be held personally liable therefor.*

This action was brought by the plaintiff, as executor, after all debts had been paid, solely to recover a demand on property out of which, in case of a successful result, he would, under the will, have received one-half of the amount. Having been unsuccessful he was, upon the application of the defendant, charged personally with the costs upon the ground that he was beneficially interested in the result.

*Held,* that the order should be modified by requiring him to pay only one-half of the costs, and as so modified affirmed.

*Brockett* v. *Bush* (18 Abb. Pr., 337); *Holdridge* v. *Scott* (1 Lans., 303); *Butler* v. *Boston, etc., Railroad Company* (24 Hun, 99); *Bedell* v. *Barnes* (29 id., 589) followed.

Appeal from an order made at Special Term, directing the payment of the costs of a litigation between these parties by the plaintiff personally.

*G. H. Crawford,* for the appellant.

*G. H. Brewster,* for the respondent.

Daniels, J.:

The plaintiff was beneficially interested to the extent of one-half the subject-matter in controversy between himself and the defendant in the action, the costs of which he has been directed to pay. There were no debts remaining unpaid against him as executor, and the sole object of the action was the recovery of the demands or property out of which, in case of a successful result, he would, under the will, have received one-half the amount. For that reason, and also upon the charge that the action was brought by him in his character as executor in bad faith, the application was made to charge him personally with the costs of the litigation in which he had proved unsuccessful. He denied having brought the suit in bad faith, but stated, on the other hand, that it was brought in

good faith, under the advice of counsel, after a full and detailed statement of the facts ; and as there was no further evidence bearing upon the subject of his motive, his answer made in this manner completely repelled and removed the charge contained in the petition, which was made only on the belief of the petitioner, and removed the case, therefore, from the operation and effect of section 3246 of the Code of Civil Procedure. But as he was the person who was individually to profit by the litigation to the extent of one-half the proceeds, if it had been successful, he is justly chargeable, personally, with a like proportion of the costs of the action brought by him and in which he was defeated. The cases of *Brockett* v. *Bush* (18 Abb. Pr., 337) ; *Holdridge* v. *Scott* (1 Lans., 303) ; *Butler* v. *Boston, etc., Railroad Company* (24 Hun, 99) ; *Bedell* v. *Barnes* (29 id., 589), substantially sustain the principle that where an executor unsuccessfully prosecutes an action in his representative capacity for the maintenance or vindication of his own individual rights, that he should be charged with the costs of the litigation. And under this principle the executor should pay one-half the costs of this unsuccessful action. As to the other half, he rightly prosecuted the suit in his representative capacity for another person as the beneficiary in the litigation. In that half he had no interest whatever. But if it had been recovered, it would have been solely and wholly the property of another person, for whom it was his duty to act as executor. As to the costs represented by that part of the litigation, the executor did no more than his duty, and, as he did not act in bad faith, he is not liable to be charged with that part of the expense of the litigation.

The order accordingly should be modified by requiring him to pay one-half of the costs of the litigation mentioned in the petition instead of all the costs, and, as so modified, it should be affirmed, without costs of the appeal.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order modified as directed in opinion, and affirmed as modified, without costs of appeal.