HENRY HOVEY, AS ADMINISTRATOR, ETC., OF JERUSHA HOVEY, DECEASED, APPELLANT, *v.* SIMEON HOVEY, RESPONDENT.

*Reference of a disputed claim against an estate — when not changed to an arbitration by an oral agreement of the parties, allowing all matters in dispute between the parties to be decided.*

The defendant having presented to the plaintiff a claim against the estate of his intestate, which was rejected by the latter, the matter was referred, under the statute, and tried before a referee, who made a report against the defendant for $506.26. It having appeared upon the hearing, and during its progress before the referee, that some of the items of the claim presented by the claimant were not referable, under the statute, an oral agreement was made between the parties to the effect that he was authorized by them to pass upon all matters existing between the parties and appearing before him.

*Held,* that the proceeding was not thereby changed into an arbitration, and that the plaintiff could not treat the amount named in the report as an award and bring an action to recover it.

APPEAL from a judgment entered upon the dismissal of the complaint at the Wyoming Circuit.

The defendant having presented to the plaintiff a claim which was rejected by the latter, the matter was referred under the statute and tried before the referee, who made a report against the defendant for $506.26. The plaintiff, treating it as an award of an arbitrator, brought this action to recover the amount of it. The trial court held that his remedy was by application for confirmation, and dismissed the complaint.

*Robert Snow*, for the appellant.

*I. Sam. Johnson*, for the respondent.

BRADLEY, J.:

The claim made by the defendant against the estate of the plaintiff's intestate was rejected by the plaintiff, and the matter was thereupon referred pursuant to the statute. (2 R. S., 88, § 36.) The referee proceeded to hear it and made a report against the claimant for $506.26. The statute does not contemplate, in such a proceeding, affirmative relief against the claimant further than is requisite to defeat his recovery. (*Mowry* v. *Peet*, 88 N. Y., 453.)

Upon the hearing, and during its progress before the referee, an oral agreement was made between the parties, to the effect that he was authorized by them to pass upon all matters existing between the parties and appearing before him. In view of that fact, and because some of the items of the claim presented by the claimant were not referable under the statute, it is contended by the plaintiff's counsel that the hearing, in legal effect, became that of an arbitrator, and his determination that of an award of an arbitrator. The claim, as presented by the defendant to the plaintiff, amounted to $5,772.25, amongst which were two items (for funeral expenses, $43.50, and for monument, $125), amounting to $168.50. The fact that those items were embraced in the account presented did not deny to the reference the character of a special proceeding under the statute and convert it into an arbitration. The manner of taking the reference was that which the statute provides; and most of the items, in number and amount, purported to be claims properly referable. The question whether any were improperly considered and allowed by the referee might arise on motion to confirm or for a new trial on a case. In *Akely* v. *Akely* (17 How. Pr., 28) the decision was put upon the ground that the proceeding was not, in form or substance, a reference under the statute; and, in view of the situation there upon which the court so held, that case has no necessary application to the question here. And in *Godding* v. *Porter* (17 Abb., 374) the motion to confirm was denied because the claim in question was not referable under the statute, which objection there went to the entire claim involved and allowed.

The mere fact that a portion only of the claim presented was rejected, and therefore within the matter in controversy, is not so referable, should not and does not defeat the jurisdiction of the

proceeding as statutory ; but the question as to what is and what is not allowable is for the referee on the hearing, or for the court on motion to confirm, or on review on a case to determine. (*Brockett* v. *Bush*, 18 Abb., 337.) The oral stipulation made between the parties at the hearing, before the referee, seems to have been made in the proceeding. And the question arising upon the result given by the report is, whether any portion of the claim of the respective parties was improperly allowed, and whether the affirmative relief given to the administrator was within the power of the referee in such proceeding. With this question we have nothing to do, treating the proceeding as within the statute. That can arise only upon the motion to confirm or review as the practice in such case requires. The parties could not give to the proceeding jurisdiction which it did not possess. And whether an agreement of the parties to permit a recovery of any balance due the representative of a decedent from the claimant may be effectual in such a proceeding depends upon the question whether it is a matter of practice or of jurisdiction of subject-matter, which, in the view taken, it is unnecessary here to determine. The construction to be given to this stipulation of the parties is to be found in the purpose with which it was made. They were proceeding under a statutory reference which was subject to review, on which any errors in the proceeding might be considered, and there is no opportunity to find in the stipulation or in the progress of the proceeding anything which tended to show that the parties intended to go outside of it for the purpose of settling the controversy. And if they sought to confer a jurisdiction upon the referee which he could not take in the proceeding, the effort to do so was ineffectual. Such attempt would not have the effect to convert the proceeding into an arbitration unless the purpose was clearly manifested to change the proceeding from that which was being heard to an arbitration, and the relation of the referee to that of an arbitrator.

In *Hays* v. *Hays* (23 Wend., 363) the form which the plaintiff sought to give to the proceeding was the submission to a justice of the peace of certain matters in controversy between the parties, without pleadings or issue presented in any form. And it was necessarily held that in that view it would be an arbitration and not an

action, but it was also held that in view of the fact that the hearing was had before the justice in the formal method of the trial of an action, the defendant might, notwithstanding the agreement, prove in support of his contention that it was an action, that there were pleadings and issues presented by them before the justice and reversed the trial court holding to the contrary. In the case at bar it appears that a statutory proceeding was instituted, and in the course of the hearing the parties stipulated that it should embrace the consideration and determination of all matters between them. And in support of the contention that this changed the proceeding in which it was made to an arbitration, reference is made to a number of cases to the effect that stipulations and rules entered to that effect to refer to referees the issues in actions pending in the court, which were not referable, produced an arbitration. (*Johnson* v. *Parmely*, 17 Johns., 129; *Camp* v. *Root*, 18 id., 22; *Diedrick* v. *Richley*, 2 Hill, 271.)

This was upon the ground that by the stipulations of reference and proceeding pursuant to them before referees, the actions were discontinued, and, therefore, the results given by the reports of the referees could not be treated as in the actions. (*Diedrick* v. *Richley*, 19 Wend., 108.) It may be observed that when those cases were decided there was no power of the court even with the consent of the parties to continue actions at law before referees, save in the single case that the trial would require the examination of a long account. (2 R. S., 384, § 39.) And such was the situation until by laws of 1845, chapter 163, a reference by consent of parties of any personal action was permitted. The doctrine and reason of those cases are not necessarily applicable to this one. There the actions were in fact discontinued by the voluntary submission of the controversies to referees, while here the proceeding was pending and the subject-matter, or a considerable portion of it which the parties sought to and did bring to the attention of the referee for his determination, was legitimately within the special proceeding that was in progress before him. The fact, if it be so, that the parties attempted to confer upon the referee in that proceeding a power in excess of that permitted by the statute, did not have the effect to produce an arbitration and to make his report a common law award.

These views lead to the conclusion that the judgment should be affirmed.

SMITH, P. J., and CHILDS, J., concurred.

Judgment affirmed.