## GODDING *a.* PORTER.

*Supreme Court, Sixth District; Special Term, April,* 1864.

REFEREE'S TIME TO REPORT.—REFERENCE OF CLAIM AGAINST EX-
ECUTOR, &c.—MOTION TO CONFIRM.—COSTS.

Section 273 of the Code, requiring referees to report within sixty days, does not
apply to a case of reference under the approval of the surrogate, where an ex-
ecutor or administrator doubts the justice of a claim.

Only those claims against the estate of a deceased person are referable, under 2
Rev. Stat., 90, which accrued during his life, or would have accrued against him
if he had lived.

Where a testator, in his will, gave to his widow as much as she would need for
support,—*Held,* that an account against the estate for support furnished by a
third person was not referable under the statute. .

Where, upon a motion to confirm the report of a referee on a claim against the
estate of a deceased person, referred under the statute, the moving papers show
incontrovertibly a claim of a nature not referable, the defendant may oppose the
motion to confirm the report of the referee without making a case.*

On denying the motion to confirm, costs will not be given, for the reference was
by the defendant's consent.

And the court will not order the report to be set aside, for the plaintiff may de-
sire to test its validity as an award.

Motion by plaintiff for an order confirming the report of a
referee in favor of the plaintiff for $95, and for judgment.

William Curry, deceased, by his last will and testament, gave
to his wife as much of his money and property as she should
need for her comfortable support. Her brother, the plaintiff's
intestate, furnished her with necessary support in board, wash-
ing, &c. After his decease, Alvah Godding and Esther San-
ders, his administrators, presented the account to the defendant
Porter, the executor of Curry, by whom payment was refused.

They then entered into an agreement to refer the claim, un-
der the statute, to Charles G. Day, Esq., and the county judge
of the county of Tompkins having approved the agreement, the
usual order was entered appointing him referee.

---

* Compare, however, Coe *a.* Coe, 14 *Ante,* 86.

The report of the referee, which was dated on the 29th of August, 1863, found that the plaintiffs had furnished support and services as alleged, and that the defendant was indebted therefor in the sum of ninety-five dollars.

The plaintiffs now moved for an order confirming the report, and for judgment.

The objections raised by the defendant are stated in the opinion.

*B. G. Ferris,* for the motion.

*George D. Beers,* opposed.

BALCOM, J.—This motion is founded on the agreement of the parties to refer, the approval of the referee by the county judge of Tompkins county, the rule of reference entered by the clerk of such county, and the report of the referee. No case has been made showing what occurred on the trial.

The motion is opposed on two grounds—1. That the referee did not make and deliver his report within sixty days from the time the action was finally submitted to him; 2. That the claim was not referable, under the statute, without action.

The defendant's counsel has read an affidavit in support of his first point; but I shall not consider it, for I am of the opinion that a referee, to whom a claim against the estate of a deceased person is referred, under the statute, with the approval of the surrogate, is not required to make and deliver his report within any specified time. Section 273 of the Code, as amended in 1863 (*Laws of* 1863, 660, ch. 392), is not applicable to such a case, for that provides, in case the referee shall not make and deliver his report within sixty days from the time the action shall be finally submitted, the action shall proceed as if no reference had been ordered. When a claim is referred under the statute, with the approval of the surrogate, there is no action until the rule of reference is entered; and when that is set aside or made inoperative, the action falls. Section 273 of the Code applies only to references of issues in actions commenced as prescribed by the Code.

But I am of the opinion, that the point that the claim was not referable, under the statute, without action, is fatal to the motion. The claims mentioned in the statute, which may be re-

ferred with the approval of the surrogate, are those that arise out of something done, commenced, or omitted in the lifetime of the deceased person whom the disputing executor or administrator represents. They are only such as accrued during the life of the deceased, or would have accrued against him if he had lived. (2 *Rev. Stat.*, 88–92; *Laws of* 1859, 569, ch. 261.) A claim against an executor for a legacy cannot be referred, under the statute, with the approval of the surrogate, without action, because it is not a claim against the estate he represents, within the meaning of the statute. A legacy is not to be paid, if there is not sufficient of the estate left for the purpose after paying the debts of the deceased. The claim of the plaintiffs in this case, was not against the estate of William Curry, deceased, but against the defendant, though payable by the latter out of the estate of the former in his hands. It was not payable until all the debts contracted by the deceased were fully paid. And if the estate of the deceased had been insufficient for the payment of his debts, the idea of the plaintiffs having a claim against such estate for the support of the widow of the deceased, subsequent to his death, would never have been conceived. The plaintiffs' claim could not be referred under the statute, unless a claim for a specific legacy could be so referred. And that a claim for such a legacy could not be so referred, does not, in my judgment, admit of a doubt. I am therefore of the opinion the plaintiffs' claim was not one that could be legally referred, under the statute, with the approval of the surrogate, without action.

I am also of the opinion that the defendant may oppose the motion to confirm the referee's report, though he has not made any case showing what the proceedings were before the referee; for the moving papers incontrovertibly show the claim was one that could not be referred in the manner it was referred, and nothing could have transpired before the referee to change the case or avoid this objection to the motion. The agreement to refer, and the report of the referee, show conclusively that the referee had no jurisdiction to hear the case or decide upon the claim, unless he could do so as an arbitrator. (See Akely *a*. Akely, 17 *How. Pr.*, 21.)

If the report should be confirmed, and the plaintiffs should enter judgment thereon, the judgment could be reversed on ap-

peal. (See Raynor *a.* Clark, 3 *Code R.*, 230; Wilkinson *a.* Tiffany, 4 *Abbotts' Pr.*, 98.) The judgment could be reversed on appeal, because the record itself would show it was erroneous.

For these reasons, the motion to confirm the report of the referee must be denied, but without costs. The defendant is not to have costs for raising this jurisdictional question, after entering into an agreement which assumed that the claim might be legally referred under the statute.

I think no order should be made setting aside the report, for the defendant has not made a case, and the plaintiffs may desire to test its validity as an award.