Ingalls, J.
I am satisfied that the plaintiffs were entitled to costs, and that the same were properly included in the entry of judgment, without a special application to the court for that purpose. Section 317 of the Code provides as follows: “In an action prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, costs shall be recovered, as in an action by and against a person prosecuting or defending in his own right, but such costs shall be chargeable only upon, or collected of, the estate, fund or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defense. But this section shall not be construed to allow costs against executors or administrators, where they are now exempted therefrom by section 41 of title 3, chapter 6, of the second part of the Revised Statutes.” It it clear that, but for the section of the Revised Statutes last above referred to, costs would follow the recovery, and we must ascertain whether that section has any application to this case. The said section 41 provides in substance, that no costs shall be recovered against executors or administrators, to be levied of their property, or the property of the deceased person, unless the demand on which the action is founded shall have been presented for payment within the time required by law, which is within six months after the first publication of notice by the- executor or administrator, to present claims—and payment was unreasonably resisted or neglected—or the defendant refused to refer the same.
I am of the opinion that said section 41 does not apply to the claim in question, but only to demands *208 which existed against the said John Shepard in his lifetime, and not to any claim which has been created since his decease, by or under the supervision of the executors. I think a careful examination of sections 34, 35, 36, 37, 38, 39, 40 and 41, of said second article of the Revised Statutes, leads to the above conclusion. One of the conditions contained in the said section 41, upon which the right to costs, according to that section, depends, is that the claim shaH be presented within six months after the first publication of the notice" by the executor or administrator to present the same. Suppose the time for presentation of the claims under the notice has expired before the demand sought to be recovered has been created, at the instance of the executor or administrator, in such case it could hardly be contended that the right to costs would be affected by such notice. If not, it seems to foEow that section 41 is inapplicable to claims which arise subsequent to the death of a testator or intestate, but applies to such as existed against such deceased person in his lifetime, and in regard to which the executor or administrator is not presumed to have any personal knowledge ; and the provisions of the statute referred to were evidently intended to guard estates against unjust claims and unnecessary litigation. But in regard to claims which are created at the instance of, or under the supervision of the executor or administrator, no such prevention is required.
' In Sands v. Craft (10 Abb. Pr., 216), Judge Bbowx, after referring to the same article of the Revised Statutes, remarks: “They contemplate an ordinary debt for which the deceased was liable in his lifetime, upon a promise, express or implied —a debt which may be supported by the oath of the creditor, which is justly due, and which may be the subject of an offset.”
In Gooding v. Palmer, 17 Abb. Pr., 374, Judge Balcom remarks, in reference to debts which are the *209 subject of reference, with the approval of the surrogate, under section 36 of said title, as follows : “ The claims mentioned in the statute which may be referred with the approval of the surrogate, are those that arise out of something done, commenced, or omitted in the lifetime of the deceased person whom the disputing executor or administrator represents. They are only such as accrued during the life of the deceased, or would have accrued against him if he had lived.”
I therefore conclude that the plaintiffs, having recovered against the defendants, as such executors, were at liberty to include costs in the entry of judgment without a special application to the court for that purpose.
The motion must be denied with costs.