HORACE H. ELDRED, Respondent, v. MATTIE S. EAMES, as Executrix, etc., Appellant.

A reference, under the statute (2 R. S. 89, §§ 36, 37), of a claim against the estate of a deceased person is a special proceeding, and the referee possesses only those powers conferred by the statute, or fairly inferable from its provisions. It is the claim rejected by the personal representatives which is referred, and none other. The referee has no power of amendment and may not vary the matter referred.

Where, therefore, upon the hearing of a reference under said statute, the referee allowed, under objection and exception, the plaintiff to withdraw several large items of the claim on the credit as well as the debit side of his account. *Held*, error.

The distinction between statutory references and those made in actions which are inherent in the nature of the proceeding is not obliterated by the general language of the statute (§ 37) giving referees therein the powers possessed by referees in actions.

*Eldred* v. *Eames* (48 Hun, 253) reversed.

(Submitted June 11, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 17, 1888, which affirmed a judgment of Special Term, entered upon an order confirming the report of a referee on a reference under the statute, and denying a motion to set the same aside.

The nature of the action and the facts are sufficiently stated in the opinion.

SICKELS—VOL. LXX.    51

*L. J. Dorwin* for appellant. The granting of the amendment to the claim by the referee, by which a certain debit item and a credit were withdrawn from the claim and agreement to refer, was unauthorized and beyond the power of the referee in this proceeding. (2 R. S. 89, §§ 36, 37 ; *Townsend* v. *N. Y. L. Ins. Co.,* 4 Civ. Pro. Rep. 398, 403 ; *Roe* v. *Boyle,* 81 N. Y. 305 ; *Mowry* v. *Peet,* 88 id. 453, 456 ; Code, § 1018 ; *Burnett* v. *Gould,* 27 Hun, 366 ; *Smith* v. *Velie,* 60 N. Y. 106.) The agreement is to refer the matter as stated in the claim, and not otherwise. It is provided for by a special statute, and neither the court or referee has any power to vary or change this agreement in any manner. (*Townsend* v. *N. Y. L. Ins. Co.,* 4 Civ. Pro. Rep. 498 ; *Preston* v. *Morrow,* 66 N. Y. 452 ; *Mowry* v. *Peet,* 88 id. 456.)

*Watson M. Rogers* for respondent. The claim, rejection and agreement to refer constitute the pleadings in a reference under the statute. (*Woodin* v. *Bagley,* 13 Wend. 453 ; *Tracy* v. *Suydam,* 30 Barb. 111 ; *Raynor* v. *Laux,* 28 Hun, 35 ; Code, §§ 723, 1018 ; *Price* v. *Brown,* 98 N. Y. 338 ; 112 id. 677 ; *Case* v. *Paris,* 106 id. 114 ; *Davis* v. *L. E. & W. R. R. Co.,* 110 id. 646 ; *Mowry* v. *Peet,* 88 id. 453, 456 ; *Paddock* v. *Kirkham,* 102 id. 597, 601.) Ambiguities in a written contract may be explained by parol in an action between the parties to it. (1 Greenl. on Ev. § 288 ; Stephen's Dig. of Ev. 147 (8.) ; *Case* v. *Dexter,* 21 Week. Dig. 32 ; 106 N. Y. 548.)

RUGER, Ch. J. This was a claim presented by the plaintiff to the defendant, as executrix of the estate of Frederick W. Eames, deceased, and being disallowed and rejected by her was referred under the provisions of the statute. (R. S. [7th. ed.] §§ 36, 37, pp. 2299, 2300)

Upon the hearing the plaintiff moved for leave to withdraw from the consideration of the referee several large items of his claim, on the credit as well as the debit side of the account, which motion was granted by the referee under objection and exception by the defendant. It is now contended by the

defendant that this was error, and we are of the opinion that her claim is well founded.

The reference in such cases is a special proceeding (*Roe* v. *Boyle*, 81 N. Y. 305) founded solely upon the statute, and the referee possesses only those powers which are expressly conferred thereby, or are fairly inferable from its provisions It is provided by section 37 of the statute that upon such reference "the same proceedings shall be had in all respects, the referees shall have the same powers, be entitled to the same compensation and subject to the same control as if the reference had been made in an action in which such court might by law direct a reference."

It is urged by the respondent that inasmuch as referees have power to authorize amendments to pleadings in an action, that the section in question gives referees in this proceeding the right to allow alterations and changes to be made in the subject referred. The same course of reasoning would seem to make referees in these proceedings equal in all respects to referees in actions ; but it has been held in many cases that they do not possess the same powers. Thus they do not have power over the subject of costs. Their reports are required to be confirmed by the court before going into judgment, (*Smith* v. *Velie*, 60 N. Y. 106) and they cannot render an affirmative judgment for the estate (*Mowry* v. *Peet*, 88 id. 453.) Neither can they require a bill of particulars, (*Townsend* v. *N. Y. Life Ins. Co.*, 4 Civil Pro. Rep. 398) and it would seem to follow therefrom that they could not change the items of an account presented and referred. The exercise of such power by the referee would enable a claimant to obtain a reference of claims against an estate without the consent of the defendant or the approval of the surrogate, which is made by the statute the condition of such a proceeding. It is the claim which is rejected by the executor that may be referred, and none other.

If the power of amendment is allowed, the whole subject of the controversy may be changed during the trial to the manifest detriment of the defendant and in violation of statutory

authority to order a reference. The trial might thus be had upon claims that were not presented to or rejected by the executor and whose reference was never approved by the surrogate.

These conditions are made by the statute essential to the power to refer, and cannot be dispensed with or subverted.

The distinction between statutory references and others, which are inherent in the nature of the proceeding, is not obliterated by the general language of the statute giving referees therein the same powers possessed by referees in actions. Neither does the language of the statute, conferring power of amendment in actions upon referees, purport to give the same power to referees in these proceedings. It provides that the pleadings in an action may be amended by the referee. At the time of the adoption of sections 36 and 37 of the Revised Statutes referees had no power to authorize amendments to pleadings in actions. That power was first conferred by an amendment to section 272 of the Code in 1857. (Laws of 1857, chap. 723, § 11.) Referees were thereby empowered to permit parties to amend the pleadings in an action, and were also given other powers not before possessed by them. But there are no pleadings in these special proceedings. The statement of the account on one side, and the rejection thereof by the executor on the other, is all that constitutes anything in the nature of pleadings between the parties. Under this condition the plaintiff may on the trial give any pertinent proof to sustain his charges, and the defendant may introduce any evidence which goes to defeat the claim. While the statements and proceedings stand in lieu of pleadings they still are not pleadings, and are not governed in all respects by the same rules which apply to the construction and office of pleadings in an action.

The question involved in this discussion arose in this court in *Townsend* v. *New York Life Insurance Company* (4 Civ. Pro. R. 398), where a referee allowed the plaintiff to recover for items of an account not covered by the claim presented to the executor. We there held that the referee had no power

under the statute " to vary or enlarge the matter referred." We think that authority is controlling here, and renders a reversal of the judgments of the General and Special Terms necessary. Other questions are presented on the appellant's points for a reversal of the judgment; but as they involve questions of fact which must be passed on upon the re-trial of the case it would be obviously improper to discuss them here.

The judgments of the Special and General Terms should be reversed, and a new trial had before another referee, with costs to abide the event.

All concur.

Judgment reversed.