## McBRIDE v. CHAMBERLAIN et al.

(Supreme Court, Special Term, Ontario County. June, 1893.)

1. EXECUTORS AND ADMINISTRATORS—ACTION AGAINST—COSTS.

Code Civil Proc. § 1836, which provides that costs shall not be allowed to plaintiff in an action against an executor or an administrator on the recovery of a money judgment, unless the claim against the estate was duly presented, and payment thereof was unreasonably resisted or neglected, or defendant refused to refer it, authorizes costs against an executor or administrator only when a money judgment is rendered, and not when equitable relief is granted.

2. SAME—EQUITABLE ACTION.

Where a referee, to whom an equitable action against an administrator has been referred to hear and determine, awards costs against defendant, pursuant to Code Civil Proc. § 1022, which provides that, where costs are in the discretion of the referee, he must award or deny costs, such exercise of discretion is not reviewable on a motion at special term to strike the costs out of the judgment, but only on appeal to the general term.

Action by Richard P. McBride against Frank O. Chamberlain and Charles B. Lapham, as administrators with the will annexed of Elbridge Lapham, deceased. Defendants move to correct the judgment rendered in favor of plaintiff by striking therefrom the sum of $192, taxed as costs. Denied.

Henry M. Field, for plaintiff.

Charles B. Lapham, for defendants.

DAVY, J. The issues raised by the pleadings in this case were, by stipulation, referred to a referee to hear, try, and determine, who rendered a decision in favor of the plaintiff. An appeal was taken from the judgment rendered upon his report, which was reversed, and a new trial granted, with costs to abide the event. The case was then, by agreement, referred to another referee, who also rendered a decision in favor of the plaintiff, with costs, holding that the plaintiff was entitled to a judgment requiring the defendants, as administrators, to assign and deliver to the plain-

tiff the bond and mortgage referred to in the complaint, and restraining them from collecting any of the interest or principal due and unpaid thereon, and that the plaintiff was also entitled to recover the sum of $282.99, with interest thereon from the date of the referee's report.   Upon the taxation of costs, the defendants' attorney appeared before the clerk of Ontario county, and objected to the allowance of $192, costs incurred on the second trial, upon the ground that the referee had no power, under the Code, to award costs against the administrators; that costs could not be imposed against them only upon application to the court.   This motion is therefore made to correct the judgment by striking therefrom the said sum of $192.

Costs against executors and administrators in civil actions and in proceedings by reference, under the statute, are regulated by the Code of Civil Procedure.   A proceeding by reference, under the statute, to enforce payment of a disputed claim against the estate of a decedent, is not an action, but a special proceeding, founded solely upon the statute.   2 Rev. St. pp. 88, 89.   It cannot be commenced by service of a summons, and there are no pleadings.   It can only be referred by the consent, in writing, of both parties, and the approval of the surrogate.   The only way in which it can be tried is before a referee, who has no power over the subject of costs, and his report is required to be confirmed before going into judgment.   Roe v. Boyle, 81 N. Y. 305; Eldred v. Eames, 115 N. Y. 403, 22 N. E. 216.

An action is commenced by the service of a summons in some one of the modes prescribed by law, and no proceeding can be an action unless it be commenced by the service of a summons on the opposite party.   The right of a plaintiff, under section 3246 of the Code, to costs, on the recovery of a judgment in his favor in an action against an executor or administrator, is qualified by sections 1835 and 1836, which makes the right contingent, and not absolute. The last section prohibits the allowance of costs in an action against an executor or administrator upon the recovery of a money judgment unless the claim against the estate was duly presented, and the payment thereof was unreasonably resisted or neglected, or the defendant refused to refer as prescribed by law, either of which conditions existing, the court may, in its discretion, adjudge costs in favor of the plaintiff, and these facts must be certified by the judge or referee before whom the trial takes place.   It will be seen that sections 1835 and 1836 define the nature of the action wherein costs may be allowed, which is where the judgment for a sum of money only is rendered.   These sections do not have reference to actions against executors or administrators for equitable relief.   The judgment entered in this case requires the defendants, as administrators, to assign a certain bond and mortgage to the plaintiff, and to account and pay over to him the interest money collected thereon.   The action is for equitable relief, and the issues having been referred to a referee to hear, try, and determine, costs

were within his discretion. Section 1022, Code Civil Proc., expressly provides that, in an action where costs are in the discretion of the court, the decision or report must award or deny costs; and if it awards costs, it must designate the party to whom costs to be taxed are awarded. The referee's report as to costs stands as the decision of the court. The referee's report in this case complied with the requirements of the above section. It contained findings of fact and conclusions of law, and awarded costs against the defendants. In the case of Barker v. White, 42* N. Y. 617, the referee found in favor of the plaintiff, and awarded costs against the defendant, the administrator. The court held that, the action being in equity, the giving or withholding of costs against the administrator was within the discretion of the referee. In Riper v. Poppenhausen, 43 N. Y. 68, the point was raised that the court had erroneously awarded costs against the executors, contrary to the provisions of the Code. The court held (Peckham, J., writing the opinion) that costs in equity cases are in the discretion of the court to grant or refuse; citing the case of Barker v. White, supra, with approval. Folger, J., in Herrington v. Robertson, 71 N. Y. 280, says: "In equity suits, costs are in the discretion of whatever court passes upon the question." The awarding or withholding of costs in this action was discretionary with the referee, and he having awarded costs against the defendants his decision cannot be reviewed upon this motion. The remedy is to except to the findings of the referee, and to appeal to the general term from the judgment entered upon his report. Woodford v. Bucklin, 14 Hun, 444; Rosa v. Jenkins, 31 Hun, 384. This motion, therefore, must be denied, with $10 costs to the plaintiff.