*Theo. B. Steele*, for the appellant.

*John M. Gardner*, for the respondent.

PRATT, J.:

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; CULLEN, J., concurred in the result.

Judgment affirmed, with costs.

---

In the Matter of the Claim of MARY L. VAN SLOOTEN, Respondent, *v.* CHARLES H. WHEELER, as Executor, etc., of HARRY E. DODGE, Appellant.

*Delivery of personal property to an executor to be inventoried — title thereto not transferred thereby — action for the restoration of the property — not a claim on contract or for damages — when maintainable against an executor as such.*

The mere handing of a ring, formerly the property of a decedent, by the alleged donee thereof, to the executor of the decedent's estate on his claim that it should be inventoried among the assets of such estate, in the absence of proof of any intention on the part of the donee to make a gift of the same to the estate, does not work a transfer of the title thereto.

An executor cannot bind his estate on contract, but an action brought to recover the possession of such ring is simply a claim for the restoration thereof, and not a claim on contract or for damages, and is maintainable against the executor as such. (CULLEN, J., dissenting.)

Appeal by the defendant, Charles II. Wheeler, as executor, etc., of Harry E. Dodge, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 6th day of October, 1893, upon the report of a referee, and also from an order entered in the said clerk's office on the 14th day of September, 1893, confirming the report of such referee, and denying the defendant's motion to set aside the referee's report and for a new trial.

*Hubbard & Rushmore* and *John D. Pray,* for the appellant.

*Merritt E. Haviland,* for the respondent.

Pratt, J.:

This is an appeal from a judgment entered in favor of the claimant for the delivery of a ring by defendant as executor, said judgment having been entered on the report of a referee.

This matter has been twice before the General Term on appeals from judgments entered on the reports of referees in favor of defendant, and has been twice sent back, the General Term reversing the judgments on the facts.

There can be no question but that the findings of fact by the referee are amply sustained by the evidence taken before him, which was practically the same as was taken before the former referees.

The only question we need to consider is one of law, which is raised by the defendant, to wit, should the claim herein have been made against the defendant personally, and not against him as executor of the estate of the deceased.

The defendant contends that the taking of the ring by him was an individual act on his part, and not an act of his as executor.

The defendant executor produced the ring on the trial, and it was one of the findings of fact, which was supported by the evidence, that he had inventoried the ring as an asset of the estate of the deceased.

The evidence shows beyond any question that the ring was given to claimant by the deceased some two or three weeks before his death, and that she wore it from that time on, and had it in her possession at the time of and after the death of the deceased.

Upon the request of the defendant executor, and his statement that the ring should be inventoried in the estate, she handed it to him. There was no proof whatever of any intention on her part to make a gift of this ring to the estate. Merely handing it to him on his claim that it should be inventoried among the assets of the estate did not work a transfer of the title. The ring never has belonged to the estate of the deceased, and no harm can be done by the executor delivering it back to the plaintiff.

It is undoubtedly true, as defendant contends, that the executor cannot bind his estate on contract; but this is not a claim on a contract, nor is it a claim for damages. It is simply a claim for the restoration of the ring to the claimant.

It seems to us that the principle laid down in the case of *Wall* v. *Kellogg's Executors* (16 N. Y. 385) controls this case.

So, too, Story's Eq. Juris. § 796; *Woodcock* v. *Bennet* (1 Cow. 711); *De Valengin's Admrs.* v. *Duffy* (14 Pet. 283), decided in the Supreme Court of the United States; *Conger, Administrator,* v. *Atwood* (28 Ohio St. 140); *Simpson* v. *Snyder* (54 Iowa, 558), and *Barry* v. *Lambert* (98 N. Y. 300), seem also to us to sustain the contention of the claimant, respondent.

In 2 Williams on Executors, 1509, the following principle is laid down : " The plaintiff may, in many cases, have an advantage in proceedings against the assets, rather than against the executor personally. The executor in his individual capacity may be insolvent; in his character as executor he may have assets adequate to answer any claim. And when the money is paid to his use, justice seems to require that the person who has made payment should have the liberty of looking to the fund which the executor has in that character."

In *Steele* v. *McDowell* (9 Smedes & Marshall [Miss.], 193) it is held that " it is but just that the person making the payment should have the right to look to the fund which the executor holds, and recover it under a count for money paid to the use of defendant as executor."

The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

CULLEN, J. (dissenting):

This is an appeal from a judgment confirming the report of a referee on a reference of a disputed claim against the estate of a deceased person.

We are of opinion that the respondent established no valid claim against the deceased, and that the judgment cannot stand. The claim of the respondent is that she was the owner of a diamond ring given her by appellant's testator; that after his decease the appellant obtained the ring from her, refused to return it, and afterwards inventoried it as part of the estate. The judgment is that she recover of the defendant as executor the ring and $641 costs. As stated by the plaintiff this was simply a personal tort of the defendant for which concededly an action could be maintained against him individually. This is a special proceeding and the authority for its maintenance and conduct statutory. (*Eldred* v. *Eames*, 115 N. Y. 401; *Mowry* v. *Peet*, 88 id. 453; *Roe* v. *Boyle*, 81 id. 305.)

The statutory provisions on the subject are sections 34 to 39, pages 88, 89, 2 Revised Statutes. By section 34 notice is to be published to "creditors of deceased" to present "claims against the deceased" within a specified time. Section 35 provides that, on a claim being presented against the deceased, the executor may require proof and vouchers. The subsequent sections provide for the reference of disputed claims and the proceedings thereon. These provisions seem solely to relate to matters that were, or would have been, had he survived, claims against the deceased. This was so held in *Godding* v. *Porter* (17 Abb. Pr. 374), and we can find no reported case where a claim of this character has been the subject of reference under the statute. In *Francisco* v. *Fitch* (25 Barb. 130), cited by respondent, it was held that the object of the statute was to allow a reference of all claims against an estate, whether legal or equitable, which the executor was competent to settle or adjust. But in that case the liability it was sought to enforce arose out of the acts of the testator, not from those of the executor, and the language used must be limited to such claims. In no proper sense of the term did this claim arise out of a transaction with testator. The claimant's title to the ring came from the testator, but the claim arose from the act of the executor, and the claimant might have proved title proceeding from any other source.

If it were conceded that the statutory reference could take cognizance of claims against executors to the same extent that an action in equity could be maintained, we still think that a case for an equitable action is not made out. There is no pretense of the insolvency of the defendant, and the judgment is for the recovery of specific property. If the defendant has the property there seems to be no reason why an action in replevin would not be efficacious. The law is settled in this State that the contracts of executors cannot increase the liability of the estate. (*Stanton* v. *King*, unreported; see 76 N. Y. 585; *Ferrin* v. *Myrick*, 41 id. 315; *Schmittler* v. *Simon*, 101 id. 554; *Cary* v. *Gregory*, 38 N. Y. Super. Ct. 127.) *A fortiori* the liability cannot be increased by their tort.

The case of *Wall* v. *Kellogg's Exrs.* (16 N. Y. 385) is to be distinguished. There the testator held the title to land in fact merely as trustee. The executors, under a power of sale contained in a will, sold the lands, and the proceeds went into the estate. Their liability sprang directly from the relations of the testator to his property. The sale was made by them as executors, otherwise they could have passed no title. So in *De Valengin's Admrs.* v. *Duffy* (14 Pet. 285) the moneys were received by the defendants as executors, and their liability sprang out of the act of their testator, who had presented the claim in his own name, and would have been, as to the proceeds he might receive, a trustee for the plaintiff. In the opinion the court limited the right of such personal representatives to cases where they had lawfully received moneys in that character.

It is argued that no harm is done the estate by this judgment, as it directs the return of the property in specie. But it also imposes upon the estate costs amounting to several hundred dollars, the propriety of which imposition could properly be determined only when the executor sought indemnity for his expenses from the estate.

The judgment should be reversed, and as the notice of claim, on its face, sets forth a claim not falling within the statute, the order of reference should be vacated and all proceedings thereon set aside, without costs to either party as against the other.

Judgment affirmed, with costs.