MARY J. MOWELL, Respondent, v. AUGUSTUS H. VAN BUREN, as Administrator, etc., of NICHOLAS E. BRODHEAD, Deceased, Appellant.

*A statutory reference of a disputed claim is a special proceeding — amendment of pleadings — communication by a client to his attorney — when privileged.*

A proceeding by reference under the statute to determine a disputed claim against the estate of a decedent is a special proceeding and not an action, and the provisions of the Code of Civil Procedure in regard to amendments of pleadings do not apply to such proceeding.

A claim was presented to the administrator of an estate for money loaned to the decedent in the amount of $5,000. The claim was verified in the usual manner and was rejected, and was thereafter referred under the statute. Upon the trial the referee found that the defendant's intestate had received money from

the plaintiff for the purpose of investment for her in the amount of $3,000, and that the plaintiff had loaned the defendant's intestate the sum of $2,000, and judgment was rendered in favor of the plaintiff for $5,000.

*Held*, that the judgment for the plaintiff, as to the $3,000 deposited with the decedent for investment, was improper.

Any communication made by a client to his legal adviser for the purpose of obtaining advice is privileged, although no fee is asked for or paid and no action is pending or contemplated. All that is necessary to render such a communication privileged is that the relation of attorney and client shall exist and that the latter shall ask legal advice from the former. But a communication made to an attorney is no more privileged than if made to any other person, unless made in reference to some matter in which the attorney is employed, or for the purpose of obtaining his advice, or when such communication is drawn out in consequence of the relation of the parties as attorney and client.

The burden is upon the party objecting to the evidence of an attorney as privileged to show that the admission of the client to the attorney sought to be proved was confidential.

APPEAL by the defendant, Augustus H. Van Buren, as administrator, etc., of Nicholas E. Brodhead, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 19th day of July, 1893, upon the report of a referee.

*John J. Linson*, for the appellant.

*E. Fowler*, for the respondent.

PUTNAM, J.:

Plaintiff, on or about December 13, 1892, presented the following bill to defendant, as administrator of the estate of N. E. Brodhead, deceased:

                    "KINGSTON, N. Y., *Dec.* 13, 1892.
" Estate of N. E. Brodhead, Dr.

                    " To Mrs. M. J. Mowell.

" July 18, 1892, To money loaned N. E. Brodhead at different times before this date, $5,000."

The bill so presented had the usual verification. It was rejected by the defendant, and thereupon the parties, by written stipulation, agreed upon a reference to a referee therein named. The approval of the surrogate was obtained and the usual order of reference of the Supreme Court entered.

The referee, after hearing the testimony offered by the parties, made, among others, the following findings:

" II. That prior to the first day of January, 1892, the defendant's intestate had and received at divers times money from the plaintiff for the purpose of investment for her, which, on that day, aggregated in amount three thousand dollars.

" III. That defendant's intestate never invested such money for the plaintiff, and left among his assets no securities or other papers representing any portion of such money.

" IV. That on the 25th day of June, 1892, the defendant's intestate made his promissory note, whereby on demand after date he promised to pay to the plaintiff two thousand dollars, and delivered such note to the plaintiff. That the consideration of such note was money lent by the plaintiff to the defendant's intestate. And the plaintiff is the owner and holder of said note."

" And I find as conclusions of law :

" I. That at the time of his death Nicholas E. Brodhead was justly indebted to the plaintiff in the sum of five thousand dollars, 'with interest on three thousand dollars from the 1st day of January, 1892, and on two thousand dollars from the 25th day of June, 1892."

" II. That the plaintiff is entitled to recover of the defendant in this action five thousand dollars, with interest as stated in the foregoing finding."

In his opinion the referee says : " The bill of the plaintiff presented to the administrator consists of but one item, and that for money loaned; but this does not conclude her.

"As in the case of formal pleadings, the bill, which is in the nature of a complaint, must be conformed to the facts proved upon the trial."

The learned referee evidently assumed that on a reference under the statute, on the presentation of a claim to an administrator of a deceased party and the rejection thereof, the referee has the same power of allowing an amendment as a referee *in an action* under the provisions of the Code of Civil Procedure. We think his conclusion in this regard cannot be sustained. A proceeding by reference under the statute to determine a disputed claim against the estate of a deceased party is a special proceeding and not an action. (*Roe* v. *Boyle et al.,* 81 N. Y. 305.)

The provisions of the Code of Civil Procedure in regard to amend ments of pleadings do not apply in such a proceeding. (3 Rumsey's Pr. 295; *Townsend* v. *N. Y. L. Ins. Co.*, 4 N. Y. Civ. Proc. Rep. 398 [Ct. of App.]; *Eldred* v. *Eames*, 26 N. Y. St. Repr. 277 [Ct. of App.].)

In this case the claim presented to defendant was for $5,000, money loaned. The claim as allowed by the referee was for $2,000, money loaned, and $3,000, money advanced to the deceased to invest, and which he had failed to invest.

In *Townsend* v. *N. Y. L. Ins. Co.* (*supra*) the plaintiff, an attorney, presented a bill as follows :

"The N. Y. Life Insurance and Trust Co., Adm'rs, etc., of. Mrs. Charlotte Brinckerhoff,

"To John J. Townsend, Dr.

"1873.

"Apl. 21. For my services in aiding in the care and protection of the estate of Mrs. Brinckerhoff, from Nov. 1, 1868, to date, and for advice in transactions relating thereto............ $6,000 "

The referee allowed the plaintiff for the general care of the estate $5,026.30, and also a further sum of $350 for professional services of the plaintiff as an attorney. The Court of Appeals, however, held that the charge in the bill for " services in aiding in the care and protection of the estate " did not cover a claim for the services of plaintiff as attorney. That " services rendered by reason of a special relation would naturally be the subject of a distinct and specific statement." That the referee erred in allowing for professional services. That no claim therefor was referred to him. The charge for " services in aiding in the care and protection of the estate * * * and for advice in transactions relating thereto," in the case cited, as much embraces a claim for attorneys' services performed in the care and protection of such estate as the claim presented in this case for money loaned covers a demand for money deposited with deceased to invest and which remained uninvested.

A demand for money advanced for the purpose of investment is entirely different from one for money loaned. The plaintiff never presented to defendant a claim for money advanced or deposited for

investment. She never verified such a bill, and no consent was ever given by the defendant to refer such a claim. If a demand had been presented to defendant for money advanced to invest, he might not have consented to a reference, preferring to contest the same in an ordinary action, where he could have had the benefit of a trial by jury. If the judgment appealed from is allowed to remain, defendant is deprived, without his consent, of the right of trial by jury. In *Eldred* v. *Eames* (*supra*), where a referee had assumed to allow an amendment of a claim presented, the court used the following language, which we quote as applicable to this case: "The exercise of such a power by the referee would enable a claimant to obtain a reference of his claims against an estate without the consent of the defendant or the approval of the surrogate, which is made by the statute the condition of such a proceeding. It is the claim which is rejected by the executor that may be referred, and none other.

"If the power of amendment is allowed, the whole subject of the controversy may be changed during the trial, to the manifest detriment of the defendant and in violation of statutory authority to order a reference. The trial might thus be had upon claims that were not presented to or rejected by the executor and whose reference was never approved by the surrogate. These conditions are made by the statute essential to the power to refer, and cannot be dispensed with or subverted."

Under the above-cited authorities, we think the referee, under an order of reference on the bill presented to defendant for money loaned, could not properly direct judgment in favor of the plaintiff on a demand for money advanced by plaintiff to deceased to invest. There was no agreement to refer such a claim and no reference thereof. The referee in passing upon such a claim acted beyond his powers. When such a demand is properly presented to the defendant, he may elect to refer it or to litigate the matter in an action. He has the right to elect which course he will pursue. He cannot be compelled to try the matter before a referee unless he consents so to do.

The defendant urges that the referee erred in receiving the evidence of the witness Prime, an attorney, as to admissions made to him by deceased. Such admissions, he claims, were those of a client

to his attorney in the course of a professional employment of the latter. As there may be another trial, we will briefly consider the position of defendant.

Of course, it is well settled that any communication made by a client to his legal adviser for the purpose of obtaining advice is privileged. This is so, although no fee is asked for or paid, and no action is pending or contemplated. All that is necessary to render such a communication privileged is that the relation of attorney and client shall exist and that the latter shall ask legal advice from the former. (*Bacon* v. *Frisbie*, 80 N. Y. 394; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 528–595; *Williams* v. *Fitch*, 18 N. Y. 546–551; *Root* v. *Wright*, 84 id. 72.)

But a communication made by a party to an attorney is no more privileged than if made to any other person unless made in reference to some matter in which the attorney is employed or for the purpose of obtaining his advice, or such communication, it may be supposed, was drawn out in consequence of the relation in which the parties stand as attorney and client. (*Marsh* v. *Howe*, 36 Barb. 649; *Riggs* v. *Denniston*, 3 Johns. Cas. 198; *Carroll* v. *Sprague*, 59 Cal. 655.)

The burden is upon the party objecting to the evidence of an attorney as privileged to show that the admission of the client to the attorney sought to be proved was confidential. (*Sharon* v. *Sharon*, 79 Cal. 633–636.)

Although the relation of attorney and client exists at the time, an admission made by the latter to the former is not confidential unless made in a matter in which the attorney is acting for the client or having some relation thereto, or made to the attorney for the purpose of obtaining his advice. (1 Greenl. Ev. § 244; *The State* v. *Mewherter*, 46 Iowa, 88–94.)

The admissions of Brodhead, proved by the witness Prime, were made at the December interview at Kingston and at a subsequent meeting in July. The witness swears that such admissions were not made in reference to any matter in which he was employed; that his advice was not sought or given; that he made a suggestion to deceased, but gave no advice. After a careful examination of the testimony of the witness we are forced to the conclusion that the defendant failed to show that the communications of Brodhead to

Prime, to which he objects, were confidential, or other than mere casual remarks of deceased to the witness, having no reference whatever to the matters in which Prime was employed as an attorney and not calling for any advice on the part of the attorney.

The cases cited by appellant are not parallel. In *Bacon* v. *Frisbie* (*supra*) the client on a statement made by him to the attorney asked the advice of the latter. The communication was made to the attorney for the purpose of obtaining such advice. It was the statement so made to the attorney for the purpose of procuring legal advice that the Court of Appeals held could not be proved by him. In *Root* v. *Wright* (*supra*) the information derived by the attorney was from communications of his clients while he was engaged in transacting their business, and which was necessarily made to enable him to do so. So, in the other cases to which we are referred by appellant, the communications sought to be proved were made to an attorney in the course of his professional employment and relating thereto, and hence are not like the case under consideration, where the only evidence we have shows that the admissions of deceased to Prime had no relation to or connection with any professional employment, and that no advice was asked or given in relation thereto. We, therefore, think that the referee on the evidence submitted to him could properly find that the conversations between deceased and the witness Prime in reference to the money in question were not confidential, and hence he did not err in overruling the objections of appellant to the evidence of the witness relating to the aforesaid admissions of deceased.

We do not deem it necessary to discuss the other questions raised in the case.

For the reason first above stated the judgment should be reversed, a new trial granted and the referee discharged, with costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred in the result.

Judgment reversed, referee discharged, costs to abide the event.