AUGUST VON HERMANNI, Respondent, *v.* ADAM WAGNER and Others, as Executors, etc., of ADAM SCHEPP, Deceased, Appellants.

81  431
85  589

*Real estate broker — proof necessary to authorize the recovery of commissions — statutory reference of a disputed claim — no amendment allowable on the trial.*

Where a claimant fails to show that a sale of real estate was effected within the time during which he was authorized to make a sale thereof, and also fails to show that he conducted any negotiations which resulted in the sale of such property or in bringing the seller and buyer thereof together, he fails to make out a case for the recovery of his commissions as a broker.

A referee appointed to hear a disputed claim against the estate of a decedent, under the Revised Statutes or under the Code of Civil Procedure, has no authority to authorize the claim to be amended upon the trial, nor can the claimant recover upon such trial for services performed by him in procuring persons to go in front of certain real estate and act as though they intended to purchase the same, where his claim as presented, upon which the reference was ordered, was for commissions on the sale of such property.

APPEAL by the defendants, Adam Wagner and others, as executors, etc., of Adam Schepp, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of May, 1894, upon the report of a referee appointed under section 2718 of the Code of Civil Procedure, as amended in 1893.

*John H. Hull,* for the appellants.

*Charles Schwick,* for the respondent.

FOLLETT, J.:

For several years prior to December 7, 1891, Adam Schepp owned No. 151 First avenue in the city of New York, a part of which had been leased to and occupied by George Knauer since May 1, 1885. On the 7th of December, 1891, Schepp and Knauer

entered into a written contract whereby the former sold and the latter purchased the premises for $31,700. December 28, 1891, Schepp died, leaving a will, which was duly probated January 28, 1892, and letters testamentary thereon were duly issued to the appellants. On the 16th of February, 1892, the respondent presented to the executors a verified claim, of which the following is a copy, except the verification:

"The Estate of Adam Schepp, deceased, to August Von Hermanni.

"To commission of 1 per cent on sale of house, No. 151 First avenue, New York city, sold for $31,500.

"$315.      AUGUST VON HERMANNI,

"*Claimant.*"

The executors rejected the claim and offered to refer, and thereupon a referee was agreed upon, who was approved by the Surrogate's Court, and an order was entered in this court appointing the person agreed on as a referee " to hear and determine the matter in controversy mentioned in the said agreement." A copy of the claim, as presented, was incorporated in the agreement to refer. The claimant proved on the trial that he was a real estate broker, but failed to show that he had negotiated a sale between the vendor and the vendee, or that he had brought them together for the purpose of effecting a sale. The purchaser was called by the claimant as a witness and testified that the negotiations which resulted in the contract were conducted between himself and the testator and were concluded at the testator's house. The claimant drew from this witness the following: " Q. By Mr. SCHWICK: Did Mr. Schepp ever say anything to you about having given this property to Mr. Hermanni to sell? A. After I bought the house he spoke to me about Mr. Hermanni. Mr. Schepp said: ' There is a party in Tenth street who claims the commission. I gave him the house for sale for about eight days, and the time was over when I bought it.' I know now that Mr. Hermanni is a real estate agent, but I did not know it before. *Mr. Hermanni offered me the property for sale.* I saw him once in my store, as far as I can remember. I think it was in November, 1891, just before I bought it; about a month before I bought it. I cannot remember that I ever saw Mr. Hermanni looking

at the property with other people. I am not sure that he did not bring people there to look at it. I knew Mr. Schepp about seven years before I bought the property."

The claimant, to support his case, called Ludwig Hebel, who testified : " He (Schepp) said : ' That Mr. Hermanni, of 10th st., called and claimed the commission for the house.' Mr. Schepp also said to me : ' That he had given Mr. Hermanni the house for sale for one week only, but he did not bring any customer, and I don't think he is entitled to commission.' If any one comes and asks whether the house is sold we should say nothing. That is all he told me."

This is the only testimony given which tends to support the claim that the respondent was employed by the testator to sell the premises, and it appears that the time within which he was authorized to make the sale was limited to a week or ten days, and it further appears that the sale was not effected within the time limited. The claimant utterly failed to show that a sale was effected within the time during which he was authorized to make the sale, and he also failed to show he conducted any negotiations which resulted in the sale or in bringing the seller and buyer together, and, therefore, failed to make a case for the recovery of commissions as a broker.

The claimant, appreciating the weakness of his case in this respect, attempted to establish a right to recover upon the theory that the testator employed him, not to make a sale, but to procure persons to go to the premises, measure them and look at them for the purpose of inducing Knauer to believe that they were intending to purchase. Two or three persons were called by the claimant, who testified that, at his request, they went in front of the premises, measured the width of the property by pacing it and looked up at the building, but did not enter it. In other words, that they acted as decoys. The purchaser testified that he did not see these witnesses in front of the premises, and so they could not have caused him to believe that the property was likely to be sold to others. The evidence upon this issue is shadowy and unsatisfactory, and the witnesses who gave it do not give a commendable account of themselves. Again, the verified claim presented is not for procuring persons to act as decoys for the purpose of deceiving the occupant of the premises, and thereby induce him to buy, but it is for commissions rendered

434  PEOPLE ex rel. NECHAMCUS *v.* THE WARDEN.

FIRST DEPARTMENT, NOVEMBER TERM, 1894. [Vol. 81.

as a real estate broker, which term has a settled and well-understood meaning. It was held (*Eldred* v. *Eames*, 115 N.Y. 401) that a referee appointed to hear a disputed claim under the Revised Statutes had no authority to authorize it to be amended on the trial. The section of the Code of Civil Procedure under which this reference was ordered, and which is a substitute for the Revised Statutes, does not seem to give power to the referee to authorize amendments. The executors had a verified claim before them for particular services, which they agreed to refer, which agreement was approved by the Surrogate's Court. Had a different claim been presented the executors might not have rejected it, and, if rejected, they might have refused to refer it, and if they had agreed to refer it the Surrogate's Court might not have approved of the agreement. The objection that the claimant could not recover for services performed, if he performed any, in procuring persons to go in front of the premises and act as though they intended to purchase, was raised on the trial and over-ruled. We think that the claimant failed to establish the validity of the claim presented, and that the judgment must be reversed and a new trial ordered before a referee to be appointed by this court, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment reversed, and new trial ordered before referee to be appointed by this court, with costs to appellant to abide event.